```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-17-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SPRINGUT LAW PC,

                               Plaintiff,                    14 Civ. 2253 (PKC)

           -against-                          MEMORANDUM
                                                    AND ORDER

RATES TECHNOLOGY INC.,

                               Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Springut Law PC ("Springut") seeks to recover $1,238,858.16 in unpaid attorneys' fees from its former client, Rates Technology Inc. ("Rates Technology"). The Complaint asserts that federal subject matter jurisdiction exists solely on the basis of supplemental jurisdiction. 28 U.S.C. § 1367. It asserts no federal causes of action and does not purport to allege complete diversity of citizenship between the New York plaintiff and the New York defendant. (Compl't ¶¶ 2-4.) According to Springut, this Court nevertheless has supplemental jurisdiction over the dispute because Springut represented Rates Technology in past patent litigations that took place in this District.

        Rates Technology moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. The motion is granted.

        In reviewing a motion to dismiss under Rule 12(b)(1), "[courts] borrow from the familiar Rule 12(b)(6) standard, construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." Donoghue v. Bulldog Investors Gen'l P'ship., 696 F.3d 170, 173 (2d Cir. 2012). The text of 28 U.S.C. § 1367(a), which governs the exercise of supplemental jurisdiction, states in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A district court's exercise of supplemental jurisdiction is "subject to boundaries." Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 437 (2d Cir. 2011). If federal claims are dismissed prior to trial, a federal court should decline to exercise jurisdiction over the remaining state law claims. Id. Courts also consider "'the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Springut represented Rates Technology in four previous actions, none of which were litigated before the undersigned. (Compl't ¶¶ 7-12.) Three of the actions were brought in this District: Rates Technology Inc. v. Broadvox Holding Co., LLC, 13 Civ. 152 (SAS); Viber Media, Inc. v. Rates Technology, Inc., 13 Civ. 953 (DLC); and Rates Technology Inc. v. Cequel Communications, LLC, 13 Civ. 11 (ALC). (Compl't ¶¶ 8-10.) Springut also represented Rates Technology in an action in the District of Delaware, Cequel Communications, LLC v. Rates Technology Inc., 13 Civ. 314 (SRF). (Compl't ¶ 11.) All of these actions have been dismissed. (Compl't ¶¶ 8-11.)

Springut commenced the present action on April 1, 2014, alleging that Rates Technology owes $1,238,858.16 in unpaid legal fees that accrued in the four above-listed cases. (Docket # 2.) Springut alleges common-law causes of action for an account stated, breach of contract and unjust enrichment. (Compl't ¶¶ 15-30.) When Springut filed its complaint, it denoted it as possibly related to an earlier action, Rates Technology Inc. v. Broadvox Holding Company, LLC, et al., 13 Civ. 152 (SAS), and filed a Statement of Relatedness. (Docket # 3.) According to the Complaint, most of the unpaid balance of Springut's fees were incurred in the

Broadvox action. (Compl't ¶ 13.) The Hon. Shira A. Scheindlin declined to accept the current case as related to Broadvox. (Docket Entry 4/8/14.) The action was then reassigned to the undersigned. (Docket Entry 4/8/14.)

Separately, on April 10, 2014, Rates Technology commenced an action against Springut in the Supreme Court of the State of New York, Suffolk County, alleging breach of contract, fraud, legal malpractice, breach of fiduciary duty and tortious interference. Rates Technology Inc. v. Kalow & Springut LLP, et al., Index No. 062571/2014. (Def. Mem. at 3.)

The parties' litigation history in this District is, in this instance, an insufficient basis for this Court to exercise supplemental jurisdiction over a common-law fees dispute between two New York parties. Springut accurately argues that district courts have discretion to rule on fee disputes that are based on state law and otherwise derivative of actions that arise in the federal courts. As Springut notes, Levitt v. Brooks, 669 F.3d 100, 103 (2d Cir. 2012) (per curiam), concluded that Judge Seybert of the Eastern District of New York properly exercised subject matter jurisdiction in a fee dispute that arose between a criminal defendant and his former attorney. Levitt observed that "even though attorneys' fees arrangements are primarily a matter of state law, 'the federal forum has a vital interest in those arrangements because they bear directly upon the ability of the court to dispose of cases before it in a fair manner.'" Id. (quoting Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212, 217 (3d Cir. 1987)). It emphasized that the fee dispute arose in an ongoing criminal action that was then-pending before Judge Seybert, and the fee dispute remained integral to the trial court's management of the case. Id. It distinguished jurisdiction in such an instance from an ancillary proceeding that involved a non-party to an ongoing, underlying litigation pending before the court. Id.

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006), another case cited by Springut, noted in dictum that federal courts may exercise ancillary jurisdiction to hear fee disputes "when the dispute relates to the main action." (quotation marks omitted) It affirmed the district court's exercise of supplemental jurisdiction over a legal malpractice class action brought against the plaintiffs' class counsel a securities class action. Id. at 335-36. The district court had presided over the consolidated securities class action for several years, and approved a series of settlements pursuant to Rule 23, including findings that went to the adequacy of counsel's representation. Id. at 336. The Second Circuit concluded that the malpractice action therefore had a common nucleus of operative fact relative to the securities class action, and that the exercise of supplemental jurisdiction was therefore permissible. Id.

In this case, none of the factors weighed in Levitt or Achtman apply. This Court has no familiarity with the prior actions that are subject to Springut's fees claims. Even if it did, the Court's familiarity with plaintiff's claims for attorneys' fees would likely not resemble that of Achtman, where the district court had previously acted as the guardian for absent class members in approving several settlements under Rule 23. Likewise, exercise of supplemental jurisdiction in this case is not essential to the management of an ongoing action, as was true in Levitt; indeed, there are no implications to the management of a related, ongoing dispute. The Cohill factors of judicial economy, convenience, fairness and comity would not be enhanced by exercising supplemental jurisdiction over common-law claims being litigated between two New York parties. Oneida, 665 F.3d at 437.

Springut's assertions that the undersigned should exercise subject matter jurisdiction based on his "extensive familiarity with patent issues" and the judicial responsibility to protect officers of the Court are baseless as applied to a garden-variety fees dispute. (Opp.

Mem. at 7-9.) Lastly, Springut argues that this Court should exercise supplemental jurisdiction because the New York Supreme Court of Suffolk County is "a highly inconvenient forum" for a Manhattan law firm. (Opp. Mem. at 9-10.) This Court is confident that New York's tribunals can determine the appropriate venue for Springut's claims.

There is no basis for this Court to exercise supplemental jurisdiction over this action.

CONCLUSION

The defendant's motion to dismiss is GRANTED. (Docket # 15.) The Clerk is directed to terminate the motion and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 17, 2014